# FEDERAL OPINIONS

No. 118

In Re, EMERSON L. TAYLOR

U. S. District Court

Decided 1926

953a. PRIORITY—A purchase money mortgage and mechanics' lien have priority in the order named, over money paid irregularly by a loan company upon a construction mortgage.

HOUGH, D. J.

Emerson L. Taylor was adjudged bankrupt and this is a review of the finding of the Referee in Bankruptcy as to the priority of two mortgages and a mechanics' lien.

Taylor bought two lots and paid $820 cash and gave a purchase money mortgage to one Urlin to secure the balance. Some time thereafter Taylor representing that he wished to improve the land, had Urlin agree not to file his mortgage for record until after a construction loan was obtained.

The Columbian Building & Loan Co. gave Taylor a construction loan of $11,000, the mortgage containing the following covenant:

"Said note secured by mortgage, is given to improve the premises herein described, and the mortgagors hereby covenant and agree with the mortgagees, that the funds secured by this mortgage may be paid out of the mortgage as provided by Section 8321-1 GC."

At the time of the execution and delivery of its mortgages the Loan Co. advanced and delivered to Taylor its check for $700 on each of said loans, and twice thereafter advanced sums to Taylor taking receipts therefor signed "Campbell & Casto, per E. L. T."

No further withdrawals occurred until the Loan Co. paid to Campbell & Casto, the general contractors, upon order of Taylor, the sum of $750, being in payment or part payment of excavation costs; and this was the only amount advanced by the Loan Co. that actually went into improvement of the property.

Subsequent to the filing of these mortgages, and after construction had actually begun, the Boulevard Lumber Co. furnished lumber which went into the improvement of the property and afterwards perfected a mechanics' lien for $1325.13.

After adjudication of bankruptcy, the Trustee sold the property free of all liens and now holds the funds for distribution. A hearing was had before the referee and he found for the Loan Company's mortgage to the full extent of the amount advanced and that same was a first and best lien; that Urlin's mortgage was the next prior lien; and the Lumber Company's lien for $1325.13 was junior to the former.

The junior lienors concede that the $750 paid for excavation that actually went into the improvement is a first lien over the other claims, but urge that the remainder of the money advanced was improperly appropriated and paid out by the Loan Co. and therefore becomes junior to their liens. The mechanics' lienor concedes further that his lien is junior to the Urlin purchase money mortgage lien. The District Court held:

1. The Loan Co. contends that the covenant above is mere surplusage and was introduced through error and mistake and that a proper construction of the mortgages would eliminate this particular covenant and they cite 100 OS. 88 as warranting this contention.

2. The citation supra, does not uphold this contention as the Supreme Court in that case had before it a mortgage that did contain the covenants provided in 8321-1 GC.

3. A careful examination of 8321-1 GC. fails in terms to limit its provisions to construction mortgages executed or filed after the improvement work has begun.

4. Inasmuch as the Supreme Court has not affirmatively so held, the contracting parties must be held to the terms of their solemn contract in so far as it affects rights of third persons.

5. Sec. 8321-1 GC. expressly limits the precedence of the lien upon the condition that "the proceeds are actually used in the improvement."

6. Such improvements are contemplated in 8310 and 8311 GC., which are the sections that provide for mechanics' liens.

7. Although 8542 GC. gives priority to mortgages as from the date of filing, by their covenants they are bound by the later acts of the legislature. 100 OS. 88.

8. The Loan Co. therefore irregularly paid out all but the $750 used for the excavation.

9. The priority of liens against the fund in the hands of the Trustee in Bankruptcy is therefore as follows:—

a. The $750 paid by the Loan Co., with interest, that being the amount that went into the improvement.

b. The full amount of Urlin's purchase money mortgage, with interest.

c. The Lumber Company's mechanics' lien in an amount covering material, with interest.